1

2

3

4

5

6

7               NOT FOR CITATION

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN JOSE DIVISION**

11

12  CHARLES MUHAMMAD,                    | Case Number C 06-5546 JF (PVT)

13                    Plaintiff,          | ORDER[1] DENYING APPLICATION
                                          | TO PROCEED *IN FORMA PAUPERIS*;
14        v.                              | DENYING APPLICATION FOR
                                          | TEMPORARY RESTRAINING
15  THOMAS CARPER, et al.                 | ORDER; AND SETTING DEADLINE
                                          | FOR PAYMENT OF FILING FEE
16                    Defendants.

17                                        | [re doc. no. 2]

18

19

20

21        Plaintiff has filed a one-page complaint against a number of individuals, asserting in

22  conclusory terms that they violated his civil rights as guaranteed by the Fourth, Fifth, Sixth and

23  Eighth Amendments to the United States Constitution.  He does not allege any facts whatsoever

24  in support of his complaint.  It is impossible to discern from the complaint what Defendants are

25  alleged to have done.  Plaintiff nonetheless seeks leave to proceed *in forma pauperis* and seeks a

26  temporary restraining order.

27  _____

28        [1]        This disposition is not designated for publication and may not be cited.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1).  The court may deny *in forma pauperis* status, however, if it appears from the face of the proposed complaint that the action is frivolous or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

As presently drafted, the complaint appears to be without merit in that it fails to set forth any facts that would support a cognizable claim.  Accordingly, Plaintiff's request to proceed *in forma pauperis* is denied.  If Plaintiff does not pay the filing fee on or before January 19, 2007, the Court will dismiss the action without prejudice.

## APPLICATION FOR TRO

The standard for issuing a temporary restraining order "(TRO)" is the same as that for issuing a preliminary injunction. *Brown Jordan International, Inc. v. Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor.  *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).  These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Roe*, 134 F.3d at 1402.  A showing of likely success on the merits gives rise to a presumption of irreparable harm in copyright and trademark cases.  *Triad Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330, 1335 (9th Cir. 1995); *International Jenson, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 827 (9th Cir. 1993).

A TRO may be granted without notice to the adverse party *only if* "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable

2

1   injury, loss, or damage will result to the applicant before the adverse party or that party's attorney

2   can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the

3   efforts, if any, which have been made to give the notice and the reasons supporting the claim that

4   notice should not be required." Fed. R. Civ. P. 65(b). Moreover, in this district an applicant for

5   TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause

6   shown." Civ. L.R. 65-1(b).

7        Given the lack of factual specificity in Plaintiff's complaint and his lack of explanation

8   for failing to give notice to Defendants, the Court will deny the application for TRO.

9                                     **ORDER**

10   (1)   Plaintiff's application to proceed *in forma pauperis* is DENIED. If Plaintiff does
             not pay the filing fee on or before January 19, 2007, the Court will dismiss the
11            action without prejudice.

12   (2)   Plaintiff's application for temporary restraining order is DENIED.

13

14

15   DATED:  12/18/06

16
                                    _____
17                                  JEREMY FOGEL
                                    United States District Judge
18

19

20

21

22

23

24

25

26

27

28

3

1    Copies of Order served on:

2

3    Charles Muhammad, *pro se*
     645 4th Street
4    Richmond, CA 94801

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-5546 JF (PVT)
ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(JFLC2)